UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JIMMY LEE WHEELER,

    Plaintiff,

v.                                                     Case No. 4:19cv390-AW-HTC

MARK INCH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jimmy Lee Wheeler initiated this action on August 14, 2019, by filing a civil rights complaint under 42 U.S.C. § 1983, ECF Doc. 1, and motion to proceed *in forma pauperis*, ECF Doc. 2. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends that this case be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Wakulla Correctional Institution. His complaint names the Bureau of Inmate Records, the Florida Parole Commission and Mark Inch, the Secretary of the FDOC, as Defendants. ECF Doc. 1 at 1-2. Plaintiff alleges the FDOC is maintaining records which falsely indicate he was convicted of three counts

of robbery with a gun or deadly weapon in 1975; he asserts the convictions were actually for "simple robbery (snatch-n-grab)." ECF Doc. 1 at 7-9.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is a three-striker, as he has brought at least three (3) federal actions or appeals that were dismissed for failure to state a claim, as malicious or as frivolous. *See Wheeler v. FDOC*, Case No. 5:15cv323-MP-CJK, ECF Doc. 13 (N.D. Fla. Apr. 4, 2016) (dismissing case as malicious); *Wheeler v. FDOC*, Case No. 5:16cv130-MP-GRJ, ECF Doc. 8 (N.D. Fla. Nov. 4, 2016) (dismissing case due to Wheeler's failure to state a claim); *Wheeler v. Jones*, Case No. 5:16cv154-MCR-CJK, ECF Doc. 6 (N.D. Fla. Dec. 29, 2016) (dismissing case due to Wheeler's failure to state a claim); *Wheeler v. Jones*, Appeal No. 17-10712-E (11th Cir. July 19, 2017) (dismissing Wheeler's appeal from N.D. Fla. Case No. 5:16cv154-MCR-CJK as frivolous); *Wheeler v. Davis*, Appeal No. 17-11457-D (11th Cir. Oct. 18, 2017) (dismissing Wheeler's appeal from N.D. Fla. Case No. 5:14cv271-WS-CJK as frivolous); *Wheeler v. Bayolo*, Appeal No. 18-11185-G (11th Cir. Sept. 7, 2018) (dismissing Wheeler's appeal from N.D. Fla. Case No. 5:16cv96-LC-EMT as frivolous); *see also Wheeler v. Johnson & Johnson*, Case No. 5:17cv229-MCR-GRJ, ECF Doc. 7 (N.D. Fla. Jan. 11, 2018) (recognizing Wheeler is a three-striker and dismissing case pursuant to § 1915(g)). These cases bear Plaintiff's FDOC inmate number (046120) and the qualifying dismissals were entered before Plaintiff filed this case.

As Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28

U.S.C. § 1915(g); *Brown, supra*. Plaintiff's allegations do not make that showing. Accepting the allegations of Plaintiff's complaint as true, they fail to make a colorable showing that he is in imminent danger of serious physical injury because they concern an alleged record-keeping error; the complaint contains no allegations which plausibly suggest that Plaintiff is at risk for physical injury and Plaintiff seeks only the correction of his criminal record and monetary relief. Additionally, Plaintiff is not currently incarcerated due to the 1975 robbery convictions. ECF Doc. 1-1 at 5. Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this § 1983 action, this case should be dismissed under § 1915(g).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That the clerk close the file.

At Pensacola, Florida, this 16th day of August, 2019.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv390-AW-HTC